MARY E. RICE ET AL. v. THE MEXICAN NATIONAL
RAILROAD COMPANY.·

No. 633.

1. Community Property—Parties to Suit.—Damages for injuries to the wife
are community property; the community estate is under the law represented by the
husband, and in him alone is vested the right to sue, unless exceptional facts are al-
leged in which the wife's necessities require that she should receive the aid of the
court. The wife has no right to sue simply because the husband refuses to do so.

2. Limitation of Action for Damages to Wife.—The husband was the person
to whom the right of action accrued for damages for injury to the wife, and her covert-
ure did not impede the running of the statute of limitations.

APPEAL from Nueces.    Tried below before Hon. J. C. RUSSELL.

*G. R. Scott & Bro.*, for appellants.—1. In the absence of a statute
declaring that the act complained of is.negligence, the entire question
of negligence, the negligence of the defendant and the contributory
negligence of the plaintiff, is a question of fact for the exclusive de-
termination of the jury, and in suits for negligence, it is incompetent
for the trial judge to decide the issue of negligence, either by sustain-
ing a general demurrer to the plaintiff's petition or by a charge to the
jury, instructing as to whether or not certain facts adduced in evi-
dence amount to negligence.    Railway v. Murphy, 46 Texas, 356;
Railway v. Chapman, 57 Texas, 75; Railway v. Porfert, 72 Texas,
344; Railway v. Lee, 70 Texas, 496; Railway v. Wilson, 60 Texas, 142;
Railway v. Anderson, 76 Texas, 244; Railway v. Dyer, 76 Texas, 156;
Dillingham et al., Receivers, v. Parker, 80 Texas, 572; Railway v.
Crosnoe, 72 Texas, 79; Sanchez v. Railway, 3 Texas Civ. App., 89.

2. Where the wife sustains personal injuries during coverture, and
the husband refuses to sue therefor in his own name, or join her as a
coplaintiff in the suit, she may maintain the suit in her own name,
making her husband a defendant in the suit.    Railway v. Caillouette,
79 Texas, 341; Nickerson v. Nickerson, 65 Texas, 281.

3. Limitation does not run against a married woman until after
discoverture.    The right of the wife to sue, either alone or joined by
her husband, for damages occasioned by personal injuries, is not
·barred until one year after discoverture.    Sayles' Civ. Stats., art.
3222; Railway v. Gwaltney, 2 Ct. App. C. C., secs. 684, 685; Nicker-
son v. Nickerson, 65 Texas, 281; Railway v. Helm, 64 Texas, 147;
Lee v. Turner, 71 Texas, 365; Railway v. Caillouette, 79 Texas, 341;
Carter v. Conner, 60 Texas, 52; Sayles' Civ. Stats., art. 1635; Alsup v.
Jordan, 69 Texas, 300.

*Dodd & Mullally*, for appellee.—The general demurrer to appellant's
first amended original petition was properly sustained, upon the
ground and for the reason that the allegations in said amendment were
wholly insufficient to authorize the wife to sue and to maintain said

cause of action against appellees or her husband, whom she then joined as defendant.  Ezell v. Dodson, 60 Texas, 331; Railway v. Burnett, 61 Texas, 638; Railway v. White, 80 Texas, 206; Railway v. Bailey, 83 Texas, 23, 24; Gallagher v. Bowie, 66 Texas, 265.

A married woman living with her husband can not maintain an action for a tort upon her without joining her husband as coplaintiff, save in exceptional cases not necessary to mention here.

WILLIAMS, ASSOCIATE JUSTICE.—According to the petition, the personal injuries for which redress was sought were inflicted upon Mrs. Rice more than a year before she instituted suit.  She was when hurt, and still is, a married woman, and sued originally without joining her husband as plaintiff, alleging simply that he had refused to sue.

A general demurrer and special exceptions, based on the statute of limitations, and upon the fact that the suit was improperly brought by the wife alone, were sustained in the court below.  Plaintiff thereupon, joined by her husband, filed a second amended original petition, as a substitute for the former one, from which the allegation that the husband had refused to bring the suit is omitted, and the fact is alleged, instead, that he had employed counsel to bring suit immediately after the injuries were inflicted, and that both he and his wife believed this had been done until this suit was brought, and after the year had expired.

Special exceptions, which raised the question of limitation and the original nonjoinder of the husband, were sustained, and plaintiffs declining to amend, the suit was dismissed.

The cause of action for the recovery of damages for injuries to the person of the wife was community property, and accrued to the community estate.  That estate, under the law, is represented by the husband.  In him the right to sue is vested, and by him it must be asserted, unless exceptional facts are alleged, in which the wife's rights and necessities require that she should receive the aid of the court.  Railway v. Burnett, 61 Texas, 638; Ezell v. Dodson, 60 Texas, 331.  In the case last cited, the law on the subject is so fully stated that reference need only be made to it to show that the wife has no right to sue upon a cause of action which has accrued to the community estate simply because the husband refuses to sue.  Additional facts, which need not here be mentioned, must be shown to entitle her to a standing in the court.

In the case of Nickerson v. Nickerson, 65 Texas, 281, the cause of action did not, under the facts there existing, accrue to the community estate, but to the wife, because the husband was the wrongdoer.  Hence it was held that the wife could maintain the action.

The passage in the opinion in Railway v. Gwaltney, 2 Willson's Court of Appeal Civil Cases, 685, on the subject of limitation, was an obiter dictum.  The suit there to recover damages for injuries to the

wife's person was brought by the husband in due time, and no question of limitation properly arose.

In Carter v. Conner, 60 Texas, 52, the wife was living apart from the husband, pending suit by her for divorce, based upon sufficient grounds, which were afterwards sustained, when creditors of her husband took from her possession exempt property to which, under an order of the court in the divorce suit, she was entitled. The cause of action accrued to her and not to the community, and her coverture was held to prevent the statute from barring it.

These are the authorities relied on by appellant which are most nearly in point, but none of them sustain the proposition that the wife under the facts alleged could sue alone on this cause of action. That point, however, is only incidental to the question of limitation. The husband by the amended petition joined in the suit, and it should have been entertained upon proper terms, unless the action was barred. But from what has been said, it follows that the suit was brought too late. The coverture of the wife did not prevent the statute from running.

Article 3222, Revised Statutes, provides: "If any person entitled to bring an action * * * be, at the time the cause of action accrues, * * * a married woman, * * * the time of such disability shall not be deemed a portion of the time limited," etc.

In this case, it was the husband and not the wife who was "entitled to bring the action" when the cause of action accrued, and hence her coverture did not impede the running of the statute.

The ruling of the court below was correct, and is affirmed.

*Affirmed.*

Delivered September 27, 1894.