### JOHNSTON et ux. v. HUCKINS et al.
### (No. 10942.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 21, 1925. Rehearing Denied March 21, 1925.)

**Limitation of actions ⬅73(3)—Limitations not available against wife suing for injuries.**

In husband's and wife's action for personal injuries suffered by the wife, defense of statute of limitations was not available against the wife by reason of her coverture, in view of Rev. St. art. 1839, article 5684, as amended in 1895, article 5708, and Vernon's Ann. Civ. St. Supp. 1918, art. 4621a.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Action by Z. H. Johnston and wife against L. W. Huckins and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

G. C. Edwards, of Dallas, and McCart, Curtis & McCart, of Fort Worth, for appellants.

Capps, Cantey, Hanger & Short, of Fort Worth, for appellees.

BUCK, J. On April 17, 1922, Z. H. Johnston and wife, Alma Johnston, filed suit in the district court against L. W. Huckins and others, composing the firm of the Westbrook Hotel, for personal injuries alleged to have been suffered by Mrs. Johnston, by falling down the steps while serving as a waitress in the Westbrook Café, on October 21, 1919. It was alleged that the injury complained of was proximately caused by the negligence of defendants. The trial court sustained defendants' plea of the 2 years' statute of limitation. To this defense plaintiffs pleaded that Mrs. Johnston was a married woman at the time of the injury and had been so at all times since said injury. From a judgment for defendants, the plaintiffs have appealed.

Article 1839, Rev. Civ. St., passed by Act Jan. 20, 1840, reads as follows:

"The husband may sue either alone or jointly with his wife for the recovery of any separate property of the wife; and, in case he fail or neglect so to do, she may, by the authority of the court, sue for such property in her own name."

Article 5684, as amended by Acts 1895, p. 35, excluded married women from the list of those against whom limitation did not run for the recovery of real property, except that it provided that limitation should not begin to run against married women until they reached the age of 21 years, etc.

Article 5708 provides:

"If a person entitled to bring any action other than those mentioned in chapter one of this title be at the time the cause of action accrues, either—

* * * * * * *

"2. A married woman;

* * * * * * *

"4. A person imprisoned; the time of such disability shall not be deemed a portion of the time limited for the commencement of the action; and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

Article 4621a, Vernon's Ann. Civ. St. 1918 Supp., provides:

"All property or moneys received as compensation for personal injuries sustained by the wife shall be her separate property, except such actually [actual] and necessary expenses as may have accumulated against the husband for hospital fees, medical bills and all other expenses incident to the collection of said compensation."

Prior to the amendment of article 4621a by Act March 5, 1915, it was held that damages for personal injuries to the wife were community property, and that the husband alone, except in exceptional cases, had the right to sue therefor. Rice v. Mex. Nat. Ry., 8 Tex. Civ. App. 130, 27 S. W. 921; Ry. Co. v. Burnett et ux., 61 Tex. 638; Ezell v. Dodson, 60 Tex. 331.

In Bartholomew v. Bartholomew (Tex. Civ. App.) 264 S. W. 721, 724, which was a suit against the sister of plaintiff's deceased husband, for the recovery of certain property, alleged to have been converted by her husband during his lifetime, the court said:

"The plaintiff alleged and proved that she was a married woman from the time of the alleged conversion by her husband, Ed. Bartholomew, of the $450 up to the time of his death, which occurred about the 1st of May, 1919. This being true, no limitation would run against her until after the death of her husband," etc.

Application to the Supreme Court for a writ of error in this case was dismissed for want of jurisdiction.

In Moore v. Moore (Tex. Civ. App.) 225 S. W. 78, 81, writ of error refused, the plaintiff sued her husband for cancellation of a deed executed just prior to their second marriage. It was there said:

"The relation of vendor and vendee, though husband and wife, existed between the parties, and could continue until the $15,000 was paid. She was a married woman, his wife, and under coverture, and there were no limitations running against her. R. S. art. 5708."

In Pullman Co. v. Cox et ux. (Tex. Civ. App.) 220 S. W. 599, 602, writ of error dismissed for want of jurisdiction by the Supreme Court, it is said:

"We cannot, however, agree with appellant in its contention that plaintiff Robert L. Cox could not maintain this suit to recover damages for personal injury to his wife, which, when recovered, is by the Act of the Thirty-Fourth Legislature, c. 54 (article 4621a, Supp. Vernon's Sayles' Civil Statutes), made the separate property of the wife. Article 1839 of our statutes (Vernon's Sayles' Civil Statutes) expressly authorizes the husband to sue alone or jointly with his wife for the recovery of her separate property, and we do not think this article was repealed or in any way affected by the Act of the Thirty-Fifth Legislature, c. 194, which provides that during marriage the wife shall have the sole management, disposition, and control of her separate property. * * * There is no such conflict between the two statutes as to authorize the holding that the latter by implication repealed the former. The right of the wife to the sole management, control, and disposition of her separate property is in no way infringed upon by the authority conferred upon the husband to sue for and recover property of the wife wrongfully withheld from her. The authority so conferred upon the husband only makes him the agent of the wife for the protection of her property, and does not confer upon him any authority to in any way interfere with the management, control, or disposition of her property by the wife. Telephone Co. v. Burge, 192 S. W. 807. There is nothing in article 1839 which requires that the petition in a suit brought by the husband for the recovery of separate property of the wife must allege that the suit is brought by the husband as agent of the wife for her benefit."

In Telephone Co. v. Burge ([Tex. Civ. App.] 192 S. W. 807) cited above, it is said:

"The effect of this statute [article 1839] is to constitute the husband the legal agent of the wife in the particular purpose of suing for the recovery of her separate property. And, the husband, being by this statute constituted the agent of his wife, his acts as such particular agent, done in good faith, would be binding and conclusive on the wife. Cannon v. Hemphill, 7 Tex. 184. The allegations of the petition show it to have been a suit by the husband for recovery for personal injuries to the wife; and the decision of the issue in favor of the husband establishes, as a matter of law, the right of the wife. For the law expressly provides that the recovery of compensation for personal injuries sustained by the wife shall be her separate property. Acts 1915, p. 103."

Speer's Law of Marital Rights in Texas (1916) p. 551, § 431, says:

"When the wife may and may not sue and be sued will be discussed in the succeeding chapter on parties. But this much we may say here as prefatory to that discussion: Wherever she is authorized to sue alone, she does so in her individual capacity, and without the aid of prochein ami, and without having first obtained permission of the court to prosecute such suit. If the facts make clear her right, it will be granted as matter of right, and cannot be denied her. In fact, no express or specific grant or power is necessary to be given by the court. And where she may be sued upon a liability growing out of her contract or her tort, the prosecution of the action is against her in her own name, and the judgment, when recovered, so rendered. She appears and defends in her individual capacity as though she were sole. The law requires, as will be seen subsequently, that the husband be jointly sued with her, but this is not because of his individual liability. He is not required to appear and defend for her, and she may not depend upon his doing so; if she does, her want of diligence will not be excused. So, generally, it may be said that wherever the wife suffers an injury in her lands, goods, person, or reputation, by the unlawful act or agency of another; or where, under any of the rules of law, she is liable upon her contract or for her tort, subject to the regulations of the statute as to parties, she may in the one case have and assert her cause of action, and in the other be called upon to make reparation."

In section 430, of the same work, it is said:

"But while thus strict with her in this respect, the law is correspondingly liberal in another; it allows her all the rights which are usually incidental to the right to litigate, such as the right to employ counsel, make compromise, waive irregularities, etc., and to do these in person, or through some one duly authorized by her. Her husband is not necessarily her agent to bind her in suits, by agreement or otherwise, except possibly in actions by him for the recovery of her separate property."

In section 440, Id., it is said:

"It is the undoubted policy of our laws to encourage the husband's conducting the wife's litigation when he can properly do so, but never to deny her the right when he fails or refuses. In all actions, perhaps without exception, where the wife is authorized to sue, the husband may sue for her, unless it be in those cases where his interests conflict with hers, in which case it is not proper for him to be even joined as a plaintiff. But in actions which have for their object the recovery of the wife's separate property, he is authorized by law to conduct the same as plaintiff, either alone or jointly with his wife, and it is optional with him whether he will sue in his own name or jointly with her. He is for this purpose made the agent of his wife by law, and his acts in this capacity, done in good faith, must be held to be binding and conclusive upon his principal."

In Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025, by the Commission of Appeals, and approved by the Supreme Court, it is held that under article 5708 a married woman, because of her coverture was not barred in an action for cancellation of a deed for fraud, nor barred of her right to recover the land as an incident to the action for cancellation.

The trial petition, being the second amended petition, was filed December 8, 1919, subsequent to the enactment of the amendment, by the act of 1895, of article 5684, eliminating

married women from the classes against which, in suits for the recovery of real property, or to make new defenses founded on the title thereto, limitations did not run, and subsequent to the enactment of article 4621a, March 15, 1915.

In Smith v. Price (Tex. Civ. App.) 230 S. W. 836, it was held that the statute of limitation would not run against a cestui que trust laboring under a statutory disability, such as coverture, where the legal title is not in the trustee, until such disability is removed, citing Belt v. Cetti, 100 Tex. 92, 93 S. W. 1000, Collins v. McCarty, 68 Tex. 150, 3 S. W. 731, 2 Am. St. Rep. 475, and other cases.

In Carl v. Settegast, 237 S. W. 238, by the Commission of Appeals, approved by the Supreme Court, it was held that, under article 5708, Rev. Statutes, repudiation of a trust would not start running of limitations against the cestui que if she was then married.

In Thomason v. McEntire (Tex. Civ. App.) 233 S. W. 616, affirmed by the Supreme Court in 113 Tex. 220, 254 S. W. 315, it was held that in an action by a husband and wife to cancel an oil and gas lease on their homestead, the defense of limitation was not available against the wife by reason of her coverture.

We have concluded that the trial court erred in sustaining the plea of limitation, and the judgment is therefore reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.