**BROWN v. MEYERS et al.**

No. 11426.

Court of Civil Appeals of Texas.  Galveston.

July 9, 1942.

Rehearing Denied July 30, 1942.

P. Harvey and Charles F. Tucker, both of Houston, for appellant.

S. E. Wilcox, Jr. and Fountain, Cox, & Sandlin, all of Houston, for Stanolind Oil & Gas Co.

W. P. Hamblen, of Houston, for Jesse R. Bullimore et al.

Walker F. Johnston, of Houston, for W. Blair Scott.

CODY, Justice.

This is a suit in trespass to try title to certain land in Har ; County, and to recover oil, gas and other minerals taken therefrom, which plaintiff filed on November 25, 1940, against various defendants, including the Stanolind Oil and Gas Company and the Amerada Petroleum Corporation. The Stanolind Oil and Gas Company, hereafter referred to as the Stanolind, and the Amerada Petroleum Corporation, hereafter referred to as the Amerada, filed their answer on December 13, 1940. All other defendants except D. J. Meyers and wife filed their answers long prior to the proceeding hereafter referred to, and the said Meyers and wife were never served with citation. The relief sought in all the answers filed was a judgment that they go hence without day, and recover from plaintiff their costs.

On January 2, 1942, Stanolind and Amerada jointly filed a motion to require plaintiff to join additional parties to her suit, and in support of their motion alleged that on June 1, 1940 (which was before plaintiff's suit was filed), plaintiff executed and delivered to P. Harvey, Esq., and Charles Tucker, Esq., a purported conveyance of a half interest in the land which she thereafter, acting through them as her attorneys, brought this suit to recover; that consequently said grantees were jointly interested with her in her claim asserted in this suit, and complete relief could not be rendered with respect to said claim except said grantees were joined as plaintiffs with her in this suit. And in their said motion, the Stanolind and the Amerada further alleged that the Sun Oil Company and the Ownby Drilling Company held under and from D. J. Meyers and wife a mineral lease upon a portion of the land sued for by plaintiff; and the Stanolind and Amerada alleged in said motion that complete relief could not be afforded unless the Sun Oil Company and the Ownby Drilling Company were joined as defendants in said suit; said motion prayed that P. Harvey, Charles Tucker, the Sun Oil Company and the Ownby Drilling Company be adjudged necessary parties, and that plaintiff be required to join as plaintiffs with her the said P. Harvey and Charles Tucker, and that she be required to join as defendants in said suit the Sun Oil Company and the Ownby Drilling Company.

The Court heard the aforesaid motion on February 17, 1942, and entered an order granting such motion, and said order recites that the court "after having heard evidence adduced on said motion, and after having heard the argument of counsel, is of the opinion and find that Charles Tucker is jointly interested in the claim being asserted herein by plaintiff, Mrs. Jennie E. Brown, and that Charles Tucker is (sic) necessary parties plaintiff in this cause, and that complete relief cannot be afforded herein unless they are made parties plaintiff hereto, and the court further finds that Charles Tucker is subject to the jurisdiction of this Court." The court likewise found that the Sun Oil Company and Ownby Drilling Company were necessary parties, and, "It is therefore ordered, adjudged and decreed that plaintiff, Mrs. Jennie E. Brown, shall join as parties plaintiff herein the said Charles Tucker; it is further ordered, adjudged and decreed that said plaintiff, Jennie E. Brown, shall join as parties defendant herein Sun Oil Company and Haynes G. Ownby Drilling Company." The order expressly allows twenty days within which to comply, or have the cause dismissed.

Plaintiff excepted in no way to the foregoing order. The Stanolind and the Amerada excepted to the order because it failed to order that P. Harvey be joined as a party plaintiff, and reserved a lengthy bill of exception from which it appears that the power of attorney given by plaintiff to P. Harvey and Charles Tucker was introduced in evidence at the trial, as well as a letter from P. Harvey to Charles Tucker in which he stated that the object of the aforesaid defendants' motion was doubtless to lay the ground to require him and Tucker to give a cost bond, and that he, Harvey, was quitclaiming his interest back to plaintiff, and other matters not necessary to be set out in this opinion, as from the view we take of this appeal, the same becomes unimportant.

Thereafter, on March 10, 1942, plaintiff filed her motion for an enlargement of time under New Rule 5, reciting therein that the order, made on February 17, 1942, requiring plaintiff to make the aforesaid additional parties to the suit, had not been

by her complied with but plaintiff alleged in said motion, upon information and belief, that D. J. Meyers and wife (under whom the Sun Oil Company and Ownby Drilling Company held the lease) are dead, and that she has therefore never obtained service of citation on them, and that she did not file an amended pleading in this case within the twenty days required by the order of February 17, 1942, because, to have done so without making the legal representatives and successors in interest of said Meyers and wife parties would have been to have omitted necessary parties, and have caused the filing of additional pleadings. Said motion further states: "That the plaintiff is making inquiries to ascertain whether administration on the estate of Meyers and wife is pending; but it will take additional time to that allowed in the order entered as aforesaid for plaintiff to get the necessary facts on which to file amended pleadings; the said Meyers and wife lived in the State of Pennsylvania, County of Somerset; and the plaintiff has a letter out to said county to ascertain the necessary facts aforesaid."

Upon the same day that plaintiff filed the foregoing order, the court entered an order wherein it recited that the twenty days given in the order of February 17, 1942, in which plaintiff was required to make the additional parties had expired on March 9, 1942, without said order having been complied with, and that such failure was called to the court's attention on March 10, 1942, whereupon the court "ordered, adjudged and decreed that this cause be dismissed without prejudice because of the failure to comply with such order and for failure to diligently prosecute same. Costs are adjudged against plaintiff", etc.

The plaintiff has appealed from the foregoing order, and predicates her appeal upon five points which we have taken the liberty to re-word:

1. That plaintiff's motion for enlargement of time constituted the filing of a suggestion of death of defendants Lizzie M. Meyers and D. J. Meyers, and the court should have granted the motion for time in which to bring in the legal representatives or heirs of said defendants.

2. Under Rule 5 it was within the court's discretion to permit plaintiff to file amended pleading after the expiration of the twenty days allowed therefor,

and, since the motion showed the death of said defendants, and that plaintiff was using diligence to ascertain their legal representatives or successors in interest, it was an abuse of discretion to deny said motion.

3. It was error to require plaintiff to join her attorney, Charles Tucker, as party plaintiff, because the contract between plaintiff and her attorney does not convey a present interest in the property but an interest contingent upon (1) suit being filed within six months from the date of the contract; (2) upon a recovery had in the suit.

4. That plaintiff's attorneys were not necessary parties to the suit, because they signed her petition, wherein it was alleged that she was the owner in fee of the land involved, and her said attorneys would be bound, and estopped by any judgment rendered in the suit.

5. The court erred in ordering plaintiff to make Sun Oil Company and Ownby Drilling Company parties defendant, because it does not appear from the record that either of said companies were in possession of the land involved in this suit; and no judgment is asked against them, hence, under R.S. Art. 7370, and Rules 783, 784, they were not necessary parties.

We overrule appellant's points 1 and 2. It is true that Rule 5 vests the court with power and discretion broad enough to have enabled him to enlarge the time within which plaintiff could comply with their order of February 17, 1942, even after the expiration of the time allowed to comply therewith, for good cause shown for not having complied therewith in the time allotted. However, we are not to presume from the mere fact that appellant filed a motion which contained allegations which, if they were properly proved up, might justify the court in finding good cause to grant an enlargement of time, that the court was not justified in declining to hold that the motion showed good cause. Appellant has filed no statement of facts on this appeal. In the absence of any statement of facts we must assume in support of the court's order that the evidence justified the order. Crenshaw v. Chambers, Tex.Civ.App., 283 S.W. 1095, error refused, to cite one of many authorities which might be cited. It must also be borne in mind that D. J. Meyers and wife were by no means all of the defendants, and the suit could have

proceeded against the surviving defendants. R.S. art. 2082.

We overrule appellant's point 3, complaining that it was error to require plaintiff to join her attorney Charles Tucker as a plaintiff because the power of attorney conveyed no present interest in the property but an interest contingent (1) upon suit being filed within six months, (2) upon a recovery had in the suit. In the first place, plaintiff made no exception to the order of February 17, requiring Charles Tucker to be made a party plaintiff but suffered the order to become effective without objection. "It seems to us that having allowed the court to enter an order of dismissal without excepting thereto, appellant could not afterwards, when the trial was reached, place itself in a position to complain of such ruling, by having the court overrule a motion then made to have the dismissed party cited and excepting thereto". Sexton Rice & Irrigation Co. v. Sexton, 48 Tex.Civ.App. 190, 106 S.W. 728, 732, error refused. In the next place, the power of attorney, which is before us as an exhibit to the motion of January 2, 1942, and which appellant is therefore entitled to have us consider even in the absence of a statement of facts, vested an interest in plaintiff's cause of action in her said attorneys. And, as was said in Hughes-Buie Co. v. Mendoza, Tex. Civ.App., 156 S.W. 328, 330 error refused, "Undoubtedly the transfer in this case to Patterson & Wallace constituted them joint owners with plaintiff of the cause of action herein sued upon, rather than the owners of a contingent interest in a possible future recovery, and plaintiff had not the right to subsequently file and maintain suit for himself and in his own name for the recovery of the whole amount due thereon. Defendant having seasonably raised the question by plea in abatement, his assignees should have been made parties, as therein requested." Tucker owning a joint interest in plaintiff's cause of action, New Rule 39, is applicable as to whether he is a "necessary party"; it provides in subsection (a) that "persons having a joint interest shall be made parties and be joined as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff." In subsection (b) said rule provides "when persons who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them made parties." The quoted Rule is so clear that it needs no construction. The joint interest which a party must possess in the subject matter of a suit in order to qualify as a "necessary party" within Rule 39, is such an interest that it is necessary for the owner thereof to be a party in order to enable the court to grant complete relief as between the parties already before it. The difference between parties necessary to a valid judgment, and parties necessary to be before the court before complete relief can be granted as between the parties already before the court is illustrated in Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Hamilton v. Federal Land Bank, Tex.Civ.App., 125 S.W.2d 1088. Charles Tucker was a necessary party under Rule 39. It is true that he was not a necessary party in order for a valid judgment to have been entered.

There is another reason why Tucker was a necessary party in order to enable the court to grant complete relief as between the parties already before the Court. About the only relief, generally speaking, that a defendant has by law against a plaintiff for asserting a claim against him which is found upon a trial to be ill-founded, is the right to recover the court costs thereby incurred. Such right to recover court costs in such instance is the complete relief the law allows a defendant against a plaintiff, for the annoyance and expense of defending against the plaintiff's claim. Since Tucker was a joint owner with plaintiff of the claim she was asserting against defendants, such defendants were entitled to have him made a plaintiff of record so that, in case defendants prevailed, they could have judgment against him for the costs they were put to in defending against the claim. The court therefore did not err in requiring that he be joined as a "de jure" plaintiff, since Tucker was obviously already a "de facto" plaintiff.

What has been said with reference to appellant's point 3 likewise requires the overruling of appellant's point 4.

If the court was justified in dismissing the cause for appellant's failure to make Charles Tucker a party plaintiff it is unnecessary to lengthen this opinion further to pass upon whether he was justified in dismissing the cause for the further rea-

son that appellant failed to make the Sun Oil Company and the Ownby Drilling Company parties defendant.

No reversible error having been shown, the judgment is affirmed.

Affirmed.