**JOHNSON et al. v. DANIEL LUMBER CO.**
**No. 4810.**

Court of Civil Appeals of Texas. Beaumont.
April 10, 1952.

Rehearing Denied May 7, 1952.

James E. Faulkner, Cold Springs, Jeff Cochran, Cleveland, for appellant.

Mohrle, Oster & Kaufman, Dallas, Stanley M. Kaufman, Dallas, of counsel, for appellees.

R. L. MURRAY, Justice.

This is an appeal from a judgment of the Special Ninth District Court of Montgomery County, by which judgment the court sustained a plea in abatement and dismissed the suit of the appellants, who were the plaintiffs in the trial court. The case comes before us solely on the pleadings in the trial court.

On March 3, 1951, Mrs. A. H. Johnson, joined by her husband A. H. Johnson, filed suit against Daniel Lumber Company for damages for personal injuries alleged in their petition to have been suffered by her in an automobile accident on December 16, 1947. The petition alleged various acts of negligence on the part of the appellee, its servants and employees and prayed for damages for personal injuries, for the loss of Mrs. Johnson's services to her husband, for medical and hospital bills and expenses and for damages to their

automobile. The petition further alleged that "long prior to said collision and at the time of the same, and at all times since, they were still and are man and wife and that the plaintiff Mrs. A. H. Johnson has not now or at any such times had her disability of coverture removed, but is now and has during all of such times under disability of coverture by virtue of her marriage to the plaintiff A. H. Johnson."

The appellee, defendant in the trial court, filed its plea in abatement, pleading the two-year statute of limitation and praying that the cause be abated and dismissed, because it was a suit for damages for personal injuries, filed more than two years after the cause of action accrued. It also filed an answer at the same time, subject to the plea in abatement. These instruments were filed March 24, 1951. Later, on September 19, 1951, the defendant below filed an amended plea in abatement, which was as follows:

"Now Comes Daniel Lumber Company, defendant in the above numbered and styled cause, and files this amended plea in abatement and for same would show the court as follows:

"I.

"That the plaintiff's original petition on file herein purports to allege a claim based on an automobile accident which, according to said petition, occurred 'on or about the 16th day of December, 1947.' That said petition prays for a judgment against the defendant for damages covering personal injuries and property damage.

"II.

"That the petition was filed on the 3rd day of March, 1951, in the Special Ninth Judicial District Court of Texas, which is in excess of two years from the time the plaintiff's cause of action accrued, and that same is now barred by limitations.

"III.

"Defendant would further show that not until September 14, 1951, was the defendant apprised of the fact that the plaintiff and her husband are living together as man and wife. Her allegations in her original petition merely set out that she and her

husband have been and still are man and wife. She has, therefore, shown no basis as to why said suit should not be brought by her husband, the manager of her community estate, and is incapacitated to do so as she is attempting to do in the above numbered and styled cause.

"Wherefore, premises considered, this defendant prays that the cause on file herein be abated and dismissed and that the defendant go hence with its costs without day."

On the 29th of October, 1951, the court heard the plea in abatement and entered an order sustaining the plea and dismissing the suit.

The appellants say that the suit was not barred by the statute of limitation, because Mrs. Johnson, a married woman at all pertinent times, was under the disability of coverture and therefore under Article 5535, Vernon's Ann.Civil Statutes of Texas, the suit was not barred. The appellants point out there was no plea of misjoinder of parties and that since Mrs. Johnson and her husband both brought the suit, she was, in effect, bringing the suit herself and the defendant waived any plea to the effect that she was not a proper party to bring the suit for personal injuries to herself and damages to the family automobile. They argue that since she was under coverture of marriage, the statute of limitation would never begin to run against her until such disability of coverture was removed. Appellants argue that "so long as Mrs. Johnson was under the disability of coverture her husband did not have to bring the suit alone to toll the statute and that both together don't have to bring the suit so long as the case is a personal action and her disability of coverture exists, even if it should exist 100 years." The appellants rely upon the cases of LeSage v. Smith, Tex.Civ.App., 145 S.W.2d 308 and a group of cases headed by Johnston v. Huckens, Tex.Civ.App., 272 S.W. 245.

■ We overrule the contention and argument of the appellants and approve the action of the trial court in sustaining the plea of limitation. Article 5535, Vernon's Ann.Civil Statutes of Texas, is as follows: "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married woman, a person imprisoned or of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title." We think it is well established that in order for a married woman, a person under the disability of coverture, to avail herself of the provisions of said Article 5535, she must be the person entitled to bring such action. For instance, a wife's suit for her separate property, or to contest a will, or to recover damages for the wrongful seizure and sale of her separate property, or to reform a deed involving her separate property, any of which actions she, herself, could bring in the courts, is not barred by any statute of limitation so long as her coverture exists. But a suit such as this, for personal injuries to her and damage to the family automobile, all of which are a part of the community property, cannot be brought by a married woman herself, but must be brought by her husband. Rice v. Mexican National Railroad Co., 8 Tex.Civ.App. 130, 27 S.W. 921; Chandler v. Alamo Mfg. Co., Tex. Civ.App., 140 S.W.2d 918; Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086. In the case cited by the appellants, LeSage v. Smith, supra, the facts were entirely different as to the point here involved. There Mrs. Smith waited more than two years after the date of an automobile accident to file suit against LeSage for personal injuries. Her husband died, however, after the accident and she filed her suit within two years after the death of her husband. The court held, among other things, that a married woman under the disability of coverture until her husband's death, had the same time after the removal of such disability by the death of her husband to bring an action for her injuries as is allowed to others by the provisions of the law of limitation. Such a ruling obviously has no application here,

where Mr. and Mrs. Johnson both bring the suit and alleged that at all times pertinent to the suit they were husband and wife. If the holding has not been announced, we believe this is the proper time to announce it, that in such a case in which the disability of coverture has not yet been removed and the husband is the only party who can bring the suit, he must file such suit within the limitation period after the cause of action accrued.

The case of Johnston v. Huckins, Tex. Civ.App., 272 S.W. 245, and the other cases related thereto, arose out of a legislative enactment attempting to make money received as compensation for personal injuries sustained by the wife to be her separate property. This was held to be in violation of constitutional provisions. Fairchild v. Davis, Tex.Civ.App., 295 S.W. 640. That opinion quotes from the opinion in Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799. In the case of Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S. W. 778, 779, it was specifically held that such a statutory enactment, making money received for personal injuries sustained by the wife, her separate property, was unconstitutional.

■ We are not impressed by the appellant's argument that when the appellee did not attack by a plea of misjoinder the right of Mrs. Johnson to bring the suit it waived that proposition. The plaintiff's petition as filed set out in detail all of the facts necessary to support the ruling of the trial court in sustaining the plea of limitation. Since it appeared from the face of the petition that this was an action by a married woman and her husband for personal injuries and damages to their automobile, and that such an action was brought more than two years after the cause of action accrued, when the defendant pleaded the two-year statute of limitation, the trial court was correct in sustaining such a plea. The fact that Mrs. Johnson and her husband both were named as parties plaintiff is of no importance or significance. It would not have been error for the trial court to allow her to remain as a nominal party plaintiff if the case had been tried on its merits and no plea of limitation had been interposed. She was not a proper party but it was not improper to allow her to remain named as a party plaintiff. She could not recover, however, for the injuries and damages claimed, for the simple reason that she had no right to recover such community assets. The suit was one to be considered by the Court or brought by the husband only, as he was the only one who could recover such community assets by such a suit, under these circumstances. It appears from his petition that it was filed more than three years after the cause of action accrued and it was the trial court's duty to sustain the plea of limitation when such plea was interposed.

The argument made by the appellants is novel and shows some research into some of the older authorities in Texas. To follow such a rule of law as they contend for, however, would amount to a repeal of the statute of limitation insofar as it applies to suits by the husband for community property of himself and his wife. We find no indication that such is the purpose, intent or effect of any of the authorities quoted, or of the statute which the appellants rely upon, Article 5535, Vernon's Ann.Civil Statutes of Texas, quoted above.

The judgment of the trial court is affirmed.

On Motion for Rehearing

PER CURIAM.

Correction has been made of the clerical error in the citation in the original opinion, which error was pointed out in appellant's motion for rehearing.

We have read the authorities stressed in appellant's motion as authority for believing our holding to be erroneous, and we find nothing in them which causes us to doubt the correctness of our disposition of the appeal. The cases are as follows: Veal v. Thomason, 138 Tex. 341, 159 S.W. 2d 472; Rules 39 and 40, T.R.C.P.; Edsall v. Hutchings, Tex.Civ.App., 143 S.W.2d 700; McAdams v. Dallas Ry. & Term. Co., Tex., 229 S.W.2d 1012; Magnolia Petroleum Co. v. Still, Tex.Civ.App., 163 S.W.

2d 268; Brown v. Meyers, Tex.Civ.App., 163 S.W.2d 886. We do not believe these authorities are in point upon the present controversy.

The motion for rehearing is overruled.