TEXARKANA TELEPHONE CO. v. BURGE et al. (No. 1730.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 1, 1917. Rehearing Denied Feb. 15, 1917.)

1. HUSBAND AND WIFE ⟨Key⟩209(2)—INJURY TO WIFE—ACTION BY HUSBAND.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1839, providing that the husband may sue for recovery of any separate property of the wife, he may sue• for personal injuries to her, recovery therefor being by Acts 34th Leg. c. 54, declared her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 767, 968, 973.]

2. TELEGRAPHS AND TELEPHONES ⟨Key⟩15(3) — OBSTRUCTION OF HIGHWAYS — INJURY TO TRAVELER.

Though a telephone company's wire across a road was lowered by a third person so as to interfere with travel, the company was liable to a traveler injured thereby, it having negligently failed to remove it or remedy its condition in a reasonable time after notice, as was its duty.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 9.]

3. INDEMNITY ⟨Key⟩13(2)—INJURIES TO THIRD PERSONS—ACTS OF INDEPENDENT CONTRACTOR—LIABILITY.

A telephone company, liable for injury to a traveler on a road from its wire being too low, may not recover over against the owner of a boat, in the moving of which the wire was lowered, the one moving it for him being an independent contractor; and this though the boat owner as part of the contract for moving agreed with the contractor to assume responsibility for any damage to the wires; this inuring only to the benefit of the contractor.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 31.]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by C. J. Burge against the Texarkana Telephone Company, one Krouse being impleaded. From an adverse judgment, defendant appeals. Affirmed.

Mrs. Maud L. Burge, wife of appellee Burge, on the afternoon of September 21, 1915, was riding in her surrey on the Buchanan and Texarkana public road en route to her home 6 miles from Texarkana. About 3½ miles from Texarkana the Sulphur pub-

lic road intersects the Buchanan and Texarkana public road. Appellant's telephone line extended from Texarkana along the two roads. At the point of intersection of the roads there is maintained a telephone pole on each side of the road, with a service wire extending from the top of one pole to the top of the other pole diagonally across the Buchanan and Texarkana public road, and about 2 inches underneath the service wire there is fastened to each pole a brace or guy wire which extends across the said public road. On the afternoon of the day in question this brace or guy wire had become slack, and was hanging low above and across the road, and caught below and under the canopy top of the surrey in which Mrs. Burge was driving, turning the surrey over and causing personal injuries to Mrs. Burge. The appellee C. J. Burge brings the suit for damages on account of the injuries sustained by his wife and for medical fees. The petition alleges that the appellant—

"negligently ran a brace wire over said road from one of said poles to the other; that same was so low and slack that vehicles with tops or covers, or any other high load on any wagon or other vehicle, were in danger of being caught by said wire, and said public road [defendant] was, on account of the negligent manner in which it placed and maintained said wire near the ground, guilty of negligently obstructing said public road against the passage of any such vehicles which were in common use on and along said road."

Appellant demurred to the petition, denied any negligent construction and maintenance of the wire, by cross-plea impleaded appellee Krouse, alleging that the injuries sustained by the wife of plaintiff Burge were caused by his active negligence, and asked for judgment over and against him in the event plaintiff recovered against the defendant company. Appellee Krouse is the owner of a gasoline launch, and contracted with Virgil Roberts to haul the same on a wagon from Texarkana to Sulphur river. Virgil Roberts agreed to move the boat from Texarakana to Sulphur river, furnishing his own wagon, teams, and employés; and appellee Krouse, acting through his agent Ray, agreed to pay Virgil Roberts the sum of $20 for moving the boat. On redirect examination Virgil Roberts testified as follows:

"Q. You finally agreed to move it by the day, and you agreed on $20. Now what was said with reference to wires? A. I told him I wouldn't be responsible for any of the wires at all, any of the telephone wire, or any of the other wires, I wouldn't be responsible for anything at all. He said he would have a man looking after the wires."

Appellee Krouse did not give any direction as to the manner, mode, or way that said boat was to be moved, and he did not exercise any direction over the moving of the boat. Ray was not an employé of Krouse in the moving of the boat. On the morning of September 21, 1915, the boat was loaded onto the wagon. The boat was about 7 feet and 10 inches high from bottom to top, and the wagon was 3 feet and 6 inches high from the ground to the top of the bolsters. Around the top of the boat was an iron rim or railing about 2 inches high. When the wagon with the boat reached the intersection of the two public roads mentioned, the iron rim or railing on the front of the boat came in contact with and hung against the guy wire mentioned, extending above and across the road. The employés of Virgil Roberts got on top of the boat, and with an iron rod prized the guy wire loose from the boat, and then the boat was pulled underneath. This was before 12 o'clock p. m. The guy wire, before the boat came in contact with it, was about 12 feet and 11 inches high from the surface of the road. The guy wire was loosened and caused to sag by the boat's coming in contact with it. About noon of that day Mrs. Rutledge passed the point in question, and saw the guy wire suspended across the road about 4 or 5 feet above the ground, and she stopped and telephoned, as she says, to the "trouble department" of appellant at its exchange in Texarkana that this wire was hanging down and in a dangerous condition. The appellant's employés deny receiving any notice. The proof shows the appellant could have reached the place and remedied the hanging wire within 20 minutes from the time of the notice. About 5 o'clock p. m. the appellee's wife came down the road in her surrey, and the wire caught below and under the canopy top of the surrey and turned the surrey over to the ground It was proven that the roads were public roads and used by vehicles carrying heavy and high loads. It was shown that the boat in evidence would compare in height with a wagon carrying four bales of cotton with a man sitting upon the cotton driving the wagon. The verdict of the jury was in favor of appellee Burge. In deference to the verdict of the jury, which is supported by evidence, we find that appellant was guilty of negligence, as pleaded, proximately causing the injury. The amount of damages is sustained by the evidence. The court peremptorily instruct a verdict in favor of appellee Krouse.

R. P. Dorough, of Texarkana, for appellant. T. N. Graham, Turner & Smitha, and Mahaffey, Keeney & Dalby, all of Texarkana, for appellees.

LEVY, J. (after stating the facts as above) [1] The appellant contends that the husband may not sue to recover damages for personal injuries to his wife, because under the present law such damages are the separate property of the wife. Article 1839 (Vernon's Sayles' Stat.) provides that:

"The husband may sue either alone or jointly with his wife for the recovery of any separate property of the wife; and, in case he fail or neglect so to do, she may, by the authority of the court, sue for such property in her own name."

The effect of this statute is to constitute the husband the legal agent of the wife in the particular purpose of suing for the recovery of her separate property. And, the husband being by this statute constituted the agent of his wife, his acts as such particular agent, done in good faith, would be binding and conclusive on the wife. Cannon v. Hemphill, 7 Tex. 184. The allegations of the petition show it to have been a suit by the husband for recovery for personal injuries to the wife; and the decision of the issue in favor of the husband establishes, as a matter of law, the right of the wife. For the law expressly provides that the recovery of compensation for personal injuries sustained by the wife shall be her separate property. Acts 1915, p. 103. Therefore it is believed that assignments 1 to 2, inclusive, should be overruled.

[2] The fifth assignment of error complains of the refusal of the court to give a peremptory instruction in favor of appellant, upon the ground that the wire which caused the injury was torn from its fastenings and left loose or sagging by a third person. It may be assumed from the evidence that Virgil Roberts caused to be unfastened and left loose the guy wire extending above and across the road, in order to admit the passage thereunder of the boat being by him transported along the road. But the act of that person would not, in the evidence of the case, relieve appellant, as a matter of law, of any liability to appellee's wife. For from the evidence the jury was authorized to find as a fact that appellant had notice of the fact of the wire's obstructing the passage of the road, and did not remove or remedy the condition of the wire within a reasonable time after notice. And the appellant owed appellee's wife the duty to use reasonable care in removing the wire or remedying its condition, involving the safety of the highway, caused by third persons. 4 Thompson on Neg. § 4264. It, therefore, was not error to submit the case to a jury for a finding of whether or not the negligence of appellant, in failing to remove or remedy the condition of the wire after notice, was the proximate cause of injury.

The court's charge authorized a recovery in favor of appellee Burge upon the finding by the jury that the appellant strung the wire, or permitted it to be, across the road so near to the surface of the road as to incommode the public using the road, and that appellant had sufficient notice of the condition of the wire before the injury, and failed to use ordinary care to remedy the condition of the wire before the injury after notice. It is believed there was no error in the instruction. The petition predicated liability against the appellant on its negligence in having the wire "so low and slack that vehicles with covers or tops * * * were in danger of being caught by said wire" and in placing or maintaining "the said wire so near the ground as to be guilty of negligently obstructing said public road against the passage of any such vehicles which were in common use along said road." Obstructions of the public road of the character averred are invasions of the right of the public to the use of the public road, and may justify a recovery for injuries proximately resulting therefrom. And if, in the facts, appellant was required to have notice of the obstruction for a sufficient length of time before the injury to have cured the defect and prevent the injury in order to render it liable to appellee's wife, the court properly applied that rule, and made appellant's liability to be dependent thereon. Appellant may not predicate injury on the charge, and the assignments of error in respect to the charge are overruled.

[3] By the tenth assignment of error it is contended that the court erred in peremptorily instructing a verdict in favor of appellee Krouse. According to the evidence, Virgil Roberts and his employés were the persons who caused the wire to be lowered, and they were not the employés of appellee Krouse. Virgil Roberts was, in legal effect, an independent contractor respecting the hauling of the boat. And if liability may be predicated against Mr. Krouse for the agreement of his agent Ray with Virgil Roberts, as a part of the contract to haul the boat, to assume for Roberts responsibility for damage to telephone wires, it would arise only in favor of Virgil Roberts in virtue of such contract of indemnity if Virgil Roberts were sued for the damage. It is therefore believed that appellant may not predicate liability for tort against appellee Krouse, and consequently the court did not err in giving the peremptory instruction.

Judgment is affirmed.