BRISCO BROTHERS, Appellants,

v.

Tom D. HENDERSON, Appellee.

No. 463.

Court of Civil Appeals of Texas.

Corpus Christi.

June 30, 1969.

———◆———

Houston Munson, Gonzales, for appellants.

Duckett & Duckett, J. J. Duckett, El Campo, for appellee.

OPINION

NYE, Justice.

This is an appeal from an order overruling the plea of privilege of Brisco Brothers in a suit filed by Tom D. Henderson to recover the unpaid portions of a written lease contract and agreement. The plea of privilege was heard by the court without a jury and no findings of fact or conclusions of law were filed by the court. Therefore, it is presumed that the trial court found all fact issues raised by the evidence in such a manner as to support its judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950).

The primary question presented in this venue case is: Where the obligation in writing was not executed by the party to be charged, did the plaintiffs establish as one of the venue facts, that such party assumed the obligation of the written contract?

The record before us shows that in October 1964 Tom D. Henderson, a resident of Wharton, Texas, leased 2571 acres of land in Lavaca County to B. C. Key of Port Lavaca, Calhoun County, Texas, for a primary term of five years beginning November 1, 1964, at a rental of $3.00 per acre per year. The total amount due under the lease varied slightly from year to year because the agreement gave the lessor the option to retain certain portions of the land to farm rice. The rent was payable annually on November 1st in advance. The land was leased for livestock grazing purposes. In January 1966, Key, the original lessee, sold all of his cattle located on the leased premises to the appellants Zane Bris-

co and Lavo Brisco. The Brisco Brothers paid Key $32,075.00 for the cattle and $5,784.74 to cover the balance of the yearly rental period of the lease from January 20, 1966 to November 1, 1966. Appellants went into possession of the premises and with the consent of the lessor Henderson made some minor improvements to the leasehold premises. On November 1, 1966 Henderson invoiced the appellants in writing for $7,713.00, the amount due under the lease for the next year.

Appellant Zane Brisco testified that after he had received the invoice he called the appellee Henderson and asked him if he could change the due date from November 1 to January 1 to fit his calendar year for income tax purposes. Henderson would not agree to the change and so appellants mailed their check to Henderson for the amount of the invoice. During the approximate two-year period that appellants occupied the land, they went in and out of the pastures, worked the cattle, repaired fences and made some new gaps in the fences. On or about November 1, 1967 appellee Henderson again invoiced the appellants for pasture rent due for the next year. This invoice was returned to appellee with the signed notation: "Unable to continue lease—cattle had been removed. Lavo Brisco." Thereafter, Henderson brought suit for the unpaid portion of the lease.

Appellants filed their plea of privilege to be sued in Gonzales County, the place of their residence, which plea was duly controverted by appellee. The only exception asserted by appellee for maintaining venue in Wharton County is sub-section 5 of Art. 1995, Vernon's Ann.Civ.St. This sub-section of the Venue Article provides that:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein by such writing, suit upon or by reason of such obligation may be brought

against him, either in such county or where the defendant has his domicile."

The venue facts to be proved are that: (1) the defendant is the party within reach of the exception; (2) that the suit is based on a written contract; (3) that the contract was entered into by the defendant or by one authorized to bind him, or was assumed or ratified by him; (4) and that the contract by its terms provides for performance of the obligation sued upon in the county of the suit. See 1 McDonald Tex.Civ.Prac., Sec. 4.11.1, p. 444–461.

Appellants' points on appeal are in effect that the trial court erred in overruling their plea of privilege because they did not sign the contract nor were they parties to the contract; and that the evidence was neither legally nor factually sufficient to prove as a venue fact, an assumption of the contract by them.

The law on this subject of whether the contract was binding upon the appellants has been ably stated by Justice Barrow in Arnold H. Bruner & Co. v. Hidalgo County Water Control & Imp., etc., 371 S.W.2d 932 (Tex.Civ.App.—San Antonio 1963, wr. dism.) :

"It is now definitely settled that it is not necessary, in order to constitute a 'contract in writing' within this venue exception, that the agreement be signed by both parties; that one may sign and the other may accept by his acts, conduct, or acquiescence in the terms of the agreement * * *." Citing cases and authority.

The plaintiff introduced the written lease into evidence. The instrument provided in part that:

"* * * It is specified and agreed that venue for all purposes in connection with this contract is fixed in Wharton County, Texas."

Further, the evidence was that Mr. B. C. Key, the original lessee, testified that he made a "one package deal" with the ap-

pellants and that the appellants took the lease contract and accepted it. Mr. Key's son, William Edward Key, testified that he heard one of the appellants tell his father that "he would take the lease and the cattle." At one time while the appellants were in possession of the land they called appellee Henderson for permission to move certain stock pens on the premises. These facts and the others heretofore related, prove for venue purposes that the appellants accepted the lease agreement.

During the venue hearing the plaintiff is not required to prove all the elements of an enforceable claim. After he has established the existence of a written contract and the acquiescence thereto, he is not required to prove everything that would be necessary in a trial on its merits. See 1 McDonald Tex.Civ.Prac., Sec. 4.11.1, p. 444–45, and cases cited therein. We hold that the appellee has established all the venue facts necessary to uphold the trial court's judgment overruling the plea of privilege. Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234 (1943, op. adopted). See also Collins v. F. M. Equipment Company, 162 Tex. 423, 347 S.W.2d 575 (1961— particularly the dissenting opinion).

Judgment of the trial court is affirmed.