**CRANBROOK CORPORATION, Appellant,**

v.

**Larry WRIGHT, Appellee.**

**No. 483.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 26, 1971.

John B. Holstead, III, Max Hendrick, III, Vinson, Elkins, Searls & Smith, Houston, for appellant.

Gerald C. Galbraith, Goodman, Hallmark, Hoy, Akard & Galbraith, El Paso, for appellee.

SAM D. JOHNSON, Justice.

This is an appeal from an order of the district court of Harris County, Texas, sustaining the defendant's plea of privilege and ordering this suit transferred to El Paso County, Texas.

The plaintiff, Cranbrook Corporation, a Texas corporation, with its office and principal place of business in Houston, Harris County, Texas, brought suit against Larry Wright, the defendant, a resident of El Paso, Texas. The plaintiff sought recovery on two separate causes of action. The plaintiff's first cause of action was based on a promissory note executed by the defendant in favor of the plaintiff corporation on July 8, 1965, extended by agreement on December 22, 1967, and payable in Houston, Texas; the second cause of action was based on a debt arising out of a joint venture between the plaintiff and defendant. The plaintiff filed a plea of privilege to be sued in El Paso County, Texas, requesting alternatively that the cause of action on the debt be segregated as a separate cause of action and transferred to El Paso County. The plaintiff corporation duly controverted such plea of privilege with a verified plea in which it alleged that venue in this suit was maintainable in Harris County, Texas, under Sec. 5, Art. 1995, Vernon's Ann.Tex.Civ.St., because the plaintiff's cause of action was based upon a promissory note payable in Houston, Harris County, Texas. After a hearing the district court entered an order sustaining defendant's plea and transferring the cause to El Paso County. The plaintiff has appealed.

■ Article 1995, V.A.T.S., provides that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile" unless the action falls within one of the statutory exceptions. Subsection 5 of Art. 1995, V.A.T.S., states, as an exception to the general venue rule, that a person may be sued on a written contract in the county where such contract is performable. Pinkston-Hollar, Inc. v. Big Three Welding Supply Co., Tex.Civ.App., 378 S.W.2d 715, no writ hist. The necessary venue facts which a plaintiff must prove in order to maintain a suit under subdivision 5 are (1) an obligation in writing; (2) the execution of the contract by the defendant; and (3) that the writing required the defendant to perform in the county wherein suit was filed. Pitt Grill, Inc. v. Albert, Tex.Civ.App., 432 S.W.2d 160, no writ hist.; Brisco Brothers v. Henderson, Tex.Civ.App., 443 S.W.2d 923, no writ hist.

■ The promissory note that is the subject of the plaintiff's first cause of action is payable in Houston, Texas. A promissory note payable "in Houston" is a contract in writing that is performable in Harris County, Texas, as required by Sec. 5, Art. 1995. Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404, (Tex.Sup.).

The plaintiff contends that the trial court erred in sustaining defendant's plea of privilege because the facts are sufficient to establish venue in Harris County, Texas, as to plaintiff's cause of action based upon the promissory note.

The promissory note that is the subject of plaintiff's first cause of action was introduced into evidence. The defendant testified that his signature appeared on the note but denied that such note was his act or that it was executed for his benefit. The defendant contends that the note on which venue is predicated was executed by him as an accommodation only at the request of the plaintiff corporation. It is the defendant's contention that the trial court correctly sustained the defendant's plea of privilege because the plaintiff failed to

prove that the note was the obligation of the defendant.

The defendant's contention that the note was executed as an accommodation only raises a point of defense on the merits of the case and is not a proper matter to be considered on a venue hearing. McCoy v. First State Bank, Morton, Tex. Civ.App., 424 S.W.2d 451, no writ hist. The validity of an obligation evidenced by a promissory note payable in the county of the suit, signed by the party seeking a privilege to be sued in his home county under subdivision 5 of Art. 1995 is a matter which goes to the merits and is not a proper matter for consideration in determining venue. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810, (op. adopted). The plaintiff was only required to establish that he had brought suit on an obligation defendant had contracted to perform in Harris County, Texas. Pitt Grill, Inc. v. Albert, supra.

We hold that the trial court erred in sustaining defendant's plea of privilege as to the cause of action based upon the promissory note because the plaintiff has established sufficient venue facts to maintain his cause of action in Harris County, Texas.

In the defendant's (appellee's) alternative pleading he requests the severance and transfer of the plaintiff's second cause of action based upon the alleged debt to El Paso County. The plaintiff (appellant) contends that venue as to the second cause of action is maintainable in Harris County by operation of the doctrine set down by Middlebrook v. David Bradley Manufacturing Co., 86 Tex. 706, 26 S.W. 935 (1894). Middlebrook was a suit upon three promissory notes, two of which specified the place of payment, but the third being silent as to the place of payment. Suit was brought on all three notes in the county that was designated the place of payment in two of the notes. Defendant's plea of privilege as to the third note was upheld by the Court of Civil Appeals but reversed by the Supreme Court in the following language:

"We are of the opinion that the Court * * * did err in sustaining defendant's plea of privilege to be sued in the county of their residence on the note for $160. Two of the notes being payable in the county in which action was brought, the suit was properly brought there; and in order to avoid multiplicity of suits, it was proper to embrace in the same action, the other note."

The Middlebrook doctrine has been applied to a factual situation similar to that presented in the instant case. In Stevens v. Southern Ice & Utilities Co., Tex.Civ. App., 37 S.W.2d 240, no writ hist., suit was brought in Dallas County to collect on two promissory notes made payable in Dallas County and for monies due under an open account. The defendant's plea of privilege to be sued in Morris County was overruled, despite his objection that the obligation to pay notes in Dallas County was separate and distinct and had no reference to the cause of action based upon the open account. The court responded to this contention in the following language:

"Plainly, we think, appellant's (defendants) undertaking to pay the notes was a separate and distinct obligation from his undertaking to pay the sum covered by the open account, and we would not for an instant hesitate to hold that the fact that the undertaking was to pay the notes in Dallas county did not entitle appellee (plaintiff) to maintain the suit in that county so far as it was on the open account, but for the holding of the Supreme Court in Middlebrook v. David Bradley Mfg. Co. * * *. The holding was approved by the Supreme Court * * * and we feel bound to treat it as decisive against the appellant (defendant) of the contention he makes."

We hold that the Middlebrook doctrine is applicable to the present case and venue is maintainable in Harris County as to

plaintiff's second properly joined cause of action based upon the alleged debt.

We must hold that the trial court erred in sustaining the defendant's plea of privilege and transferring both causes of action to El Paso County. The judgment of the trial court is reversed and judgment here rendered that the defendant's plea of privilege is overruled.