BEACH CITY, Appellant,

v.

STATE of Texas ex rel. CITY OF BAYTOWN, Appellee.

No. 537.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 3, 1971.

Rehearing Denied Dec. 1, 1971.

be sued in the county of its residence was overruled by the trial court. The appellees are the State of Texas in quo warranto on the relation of the City of Baytown, a municipal corporation situated in Harris County.

The petition filed by appellees in the District Court of Harris County represents the joinder of a cause of action in the nature of quo warranto with a cause of action by Baytown for apportionment brought pursuant to the provisions of Sec. 3, subd. B of Art. 970a, Vernon's Ann.Tex.St. The latter statute was enacted by the Legislature in 1963. Appellees sought in such suit to obtain relief as follows:

1. To obtain a determination and declaration that a certain annexation ordinance of appellant is void;

2. To have appellant ousted from any pretended claim of municipal authority or annexation jurisdiction over the lands thereby purportedly annexed;

3. To have appellant perpetually enjoined from exercising municipal authority or annexation jurisdiction over lands exclusively within the jurisdiction of Baytown;

4. To obtain a determination and declaration that a certain apportionment agreement concerning extraterritorial jurisdiction allegedly mutually entered into between Beach City and Baytown dated August 19, 1968, is valid and enforceable, and praying that Beach City be specifically required to perform the terms and conditions of said agreement; and in the alternative, that the District Court of Harris County apportion the overlapping extraterritorial claims of Baytown and Beach City pursuant to the provisions of Sec. 3B, Art. 970a, V.A. T.S.

Eugene T. Jenson, Anahuac, for appellant.

Joe G. Resweber, B. R. Kerr, Houston, William R. Laughlin, Baytown, for appellee.

BARRON, Justice.

This is an appeal by the City of Beach City, situated in Chambers County, Texas, wherein said appellant's plea of privilege to

Beach City filed its plea of privilege to be sued in Chambers County, which was shown and stipulated to be the "residence"

of appellant. Appellees filed their controverting plea alleging venue to be in Harris County, in which Baytown is situated, and in which county suit was originally filed, under the special venue provisions of Sec. 3, subd. B, Art. 970a, made applicable under Subd. 30, Art. 1995, V.A.T.S. The trial court overruled Beach City's plea of privilege. Hence this appeal.

Subdivision 30, Art. 1995 above provides as follows:

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Section 3, subd. B, Art. 970a above, provides in part as follows:

"B. In the event that on the effective date of this Act the area under the extraterritorial jurisdiction of a city overlaps an area under the extraterritorial jurisdiction of one or more other cities, such overlapped area may be apportioned by mutual agreement of the governing bodies of the cities concerned. Such agreement shall be in writing and shall be approved by an ordinance or resolution adopted by such governing bodies.

"At any time after one hundred and eighty (180) days from the effective date of this Act, *any city having an extraterritorial claim to such overlapping area* shall have authority to file a plaintiff's petition in the district court of a judicial district, within which is located the largest city having an extraterritorial claim to such overlapped area, naming as parties defendant all cities having a claim to such overlapped area and praying that such overlapped area, to which it has mutual claim, be apportioned among the cities concerned. * * *" (Emphasis added).

Baytown is a home rule city with a population of more than 25,000 inhabitants but less than 50,000 inhabitants. Accordingly the extraterritorial jurisdiction of such city is all the contiguous unincorporated area, not a part of any other city, within two miles of the corporate limits. Sec. 3, subd. A(3), Art. 970a. Beach City was organized as a municipal corporation of Chambers County under the general laws of Texas in 1966. Beach City has a population of less than 5,000 inhabitants, and such city has extraterritorial jurisdiction consisting of all the contiguous unincorporated area, not a part of any other city, within one-half ($\frac{1}{2}$) mile of the corporate limits. Sec. 3, subd. A(1), Art. 970a.

On various dates in 1966, Baytown adopted certain annexation ordinances establishing its claim to corporate authority and extraterritorial jurisdiction in portions of Chambers County. Proper adoption of the ordinances was stipulated. Baytown asserts a claim of extraterritorial jurisdiction over all areas in the vicinity of Beach City not within Beach City's corporate limits and one-half mile of extraterritorial jurisdiction. The two cities entered into an apportionment agreement concerning extraterritorial jurisdiction on August 19, 1968. Such agreement purported to recognize exclusive jurisdiction in Beach City over its one-half mile of extraterritorial jurisdiction, and apportioned to Beach City a certain area northeast of its original corporate limits not involved in this litigation. The above agreement further recognized the exclusive extraterritorial jurisdiction of Baytown in all other areas within two miles of Baytown's corporate limits as established by its annexations in Chambers County, not therein recognized as the exclusive extraterritorial jurisdiction of Beach City.

On November 24, 1970, Beach City purported to annex a certain area in Chambers County which was a part of Baytown's claim of exclusive extraterritorial jurisdiction, based upon extraterritorial jurisdiction attaching to Baytown's annexations pursuant to the provisions of Sec. 3, subd. A(3), Art. 970a, and recognized by Beach City in the apportionment agreement between the two cities above mentioned. The

parties thereupon filed their suit, seeking the above described relief.

■ If this suit were merely for enforcement and relief under a contract such as partly alleged by appellees, as appellant in effect claims, venue might possibly be changed. But, as shown above, we have more than the mere enforcement of a contract in this suit. The allegations of the petition or information, fully adopted in the controverting plea, clearly seek to have Beach City ousted from a pretended claim of municipal authority over the lands which Baytown purportedly claims, and to have the District Court of Harris County apportion the overlapping extraterritorial claims of the parties under the provisions of Sec. 3, subd. B, Art. 970a, V.A.T.S. The City of Baytown has alleged an extraterritorial claim to an overlapping area, and such claim comes squarely within the provisions of the above-quoted portions of Sec. 3, subd. B, Art. 970a. The parties established the fact that such overlapping claims exist, and the trial court in its judgment so found.

■■ The relator (Baytown) in a quo warranto proceeding is the real and true plaintiff, and the state is merely a nominal party. Pease v. State, 228 S.W. 269 (Tex. Civ.App.—San Antonio 1921, writ ref'd). And see McAllen v. Rhodes, 65 Tex. 348 (Tex.Sup.1886). In the former case the court further held that quo warranto proceedings are governed by the same rules of procedure applicable to other civil cases, and that the same rules of joinder of causes of action apply as in other civil cases. See Rule 779–782, Tex.R.Civ.P.

■■ One of the basic principles of our system of jurisprudence is the avoidance of a multiplicity of suits. The public policy with respect to such avoidance was stated in one of the early cases, Clegg v. Varnell, 18 Tex. 294, 304 (Tex.Sup.1857). The Clegg case was cited by Justice Stayton in the landmark case of Middlebrook v. David Bradley Manuf'g. Co., 86 Tex. 706, 26 S.W.

935 (1894). In Middlebrook, the Supreme Court approved the joinder in a single suit of a claim on two notes payable in the county of suit with a claim on another note not stating any specific place of payment. The Court held that in order to avoid a multiplicity of suits it was proper to embrace in the same action the note not specifically payable in the county of the suit. The "Middlebrook Doctrine" has been recognized with some exceptions as correct law throughout the years. See Pecos Valley Southern Ry. Co. v. Parkhill Produce Co., 163 Tex. 88, 352 S.W.2d 723 (1961). And see McDonald, Texas Civil Practice, Vol. 1, Sec. 4.38 (1965 Rev.). And consolidation with another pending suit of a proceeding in the nature of quo warranto is within the sound discretion of the trial court. Hale v. County School Trustees of Archer County, 207 S.W.2d 251, 257 (Tex.Civ. App.—Fort Worth 1947, writ ref'd n. r. e.). We cannot see that the pleaded case for apportionment is only incidental or subordinate to an alleged real controversy between the parties. The appellees could abandon the contract allegations or abandon or rely upon any other phase of the case in the trial on the merits. The nature of the suit is established by an examination of the pleadings and is a question of law for the court in a case of this type. Butler v. Lopez, 367 S.W.2d 868 (Tex.Civ.App.— Austin 1963, writ dism'd). For this kind of case, it has been shown that the City of Baytown has an extraterritorial claim to an overlapping area, and that all necessary venue facts have been established by stipulation and by testimony.

There are no allegations or pleadings by appellant that the allegations in Baytown's petition or information were falsely or fraudulently made for the purpose of conferring local venue or were made without probable cause, and the trial court impliedly found this point in favor of appellees. Best Investment Company v. Parkhill, 429 S.W.2d 531, 534 (Tex.Civ.App.—Corpus Christi 1968, no writ); Schoellkopf Co. v. Daves, 71 S.W.2d 340 (Tex.Civ.App.— Dallas 1934, no writ). It is well settled

that there may be alternative allegations of equal importance in a petition. See Parkhill, supra, 429 S.W.2d at p. 535; Joy v. Joy, 254 S.W.2d 810, 813 (Tex.Civ.App. —Fort Worth 1953, no writ).

We hold that the authorities cited by appellant are not in point. The case of City of Grand Prairie v. State, 266 S.W.2d 184 (Tex.Civ.App.—Fort Worth 1954, no writ), was decided in 1954 before the enactment of Art. 970a, V.A.T.S., which was enacted with the involved special venue provision in 1963. The case is therefore not controlling.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.