Walton H. STEWART, Appellant,

v.

Azella Mae VAUGHN et al., Appellees.

No. 905.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 9, 1974.

Russell H. McMains, Royce R. Till, Fulbright, Crooker & Jaworski, Houston, for appellant.

John A. Graml, Reynolds, Steber, Eckhardt & Graml, Houston, for appellees.

TUNKS, Chief Justice.

This is an appeal by Walton H. Stewart from an order overruling a plea of privilege. Appellees, Azella Mae Vaughn and Vernon C. Smith, brought suit in Harris County, Texas, against Stewart and his employer for personal injuries which allegedly arose out of an automobile collision in that county. Stewart filed his plea of privilege to be sued in the county of his residence, Dallas County. Vaughn and Smith controverted on the basis of Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 9a (1964), and, after hearing brief testimony, the trial court overruled Stewart's plea. No findings of fact or conclusions of law were filed.

Stewart contends that the trial court erred as to Vaughn because there was no evidence or insufficient evidence of negligence and proximate causation. Stewart argues that, as to Smith, there was no evidence or insufficient evidence of injury. We agree.

Under subdivision 9a, the plaintiff must establish the following by a preponderance of the evidence, in order to defeat the defendant's plea of privilege:

"1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries."

Appellees sought to establish these venue facts solely through the testimony of Vaughn and certain admissions by Stewart. Vaughn testified that she was injured in an automobile collision in the 5700 block of the Katy Freeway, in Harris County, on March 9, 1972. She said that her car was severely damaged. She stated that at the time of the collision she and Stewart were

traveling in the same direction. She attempted to pass to the left of a 1962 Pontiac, which was apparently riding on a deflated tire. Just as she was about to pass the Pontiac, it collided with her vehicle and knocked her into the guardrail. She then proceeded back across the freeway and came to a stop in a close proximity to Stewart's car. She stated that she heard a noise immediately before being struck by the Pontiac and concluded from this that Stewart had bumped the Pontiac into her car. She did not actually see Stewart's automobile strike the Pontiac.

Appellees requested and Stewart admitted the following:

"1. That on or about March 9, 1972, Defendant WALTON H. STEWART was involved in an automobile accident.

2. That said accident occurred at or near the 3700 block of Katy Freeway in Harris County, Texas."

Appellees also requested Stewart to admit that, "3. . . . in said accident the automobile being driven by Defendant WALTON H. STEWART collided with a 1962 Pontiac automobile bearing Texas license plate number RWV 902." Stewart responded by stating, "[T]his Defendant recalls a collision between his vehicle and a green automobile; the license number of said vehicle and the exact name or manufacturer of said automobile is unknown at this time." Appellees further requested Stewart to admit that, "4. . . . said Pontiac automobile collided with the automobile occupied by Plaintiffs AZELLA MAE VAUGHN and VERNON C. SMITH." Stewart answered, "[T]his Defendant has insufficient knowledge either to affirm or deny such request."

■ If responses to requests for admissions are wholly evasive the trial court may deem them admitted. A party must make an effort to ascertain the facts re-

quested to be admitted. McPeak v. Texas Department of Public Safety, 346 S.W.2d 138 (Tex.Civ.App.—Dallas 1961, no writ). Stewart's response to the fourth request was clearly evasive. In the absence of conclusions of fact and law, we must presume that every fact was found in support of the order. We therefore presume that the trial court deemed this request admitted. Nevertheless, we find the record void of any evidence of probative force that will support the order overruling the plea of privilege.

■ The review by a court of civil appeals of an order sustaining or overruling a plea of privilege is much the same as the review in any other civil case. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953). If the evidence in the record is insufficient to support the order, then the cause should be remanded. If there is no evidence that will support the order, then a court of civil appeals should normally reverse and render. Garza v. Alviar, 395 S. W.2d 821 (Tex.Sup.1965).

■ In this case the evidence amounts to no more than a scintilla. The mere fact of a collision is not evidence of negligence. Rankin v. Nash-Texas Co., 105 S.W.2d 195 (Tex.Comm'n App. 1937, opinion adopted). It is true that evidence of a rear-end collision sometimes may be circumstantial evidence of negligence on the part of the rear driver. Boddy v. Canteau, 441 S.W.2d 906 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). However, in this case there is no probative evidence that Stewart collided with the rear of another vehicle. Even if we should assume that Stewart did collide with the rear of the Pontiac, it would be even more tenuous to find that such collision proximately caused the injuries and damages sustained by appellees.[1] The proof of negligence and proximate causation amounted to no more than surmise. The privilege to be sued in the

---

1. It might also be noted that Vaughn testified that she was involved in an accident in the 5700 block of the Katy Freeway. Stewart, however, admitted being involved in a collision in the 3700 block of the Katy Freeway.

county of one's residence is too important to be abrogated on the basis of such conjecture. Also, there was no evidence that appellee, Vernon C. Smith, was injured or that he was even present at the scene of the collision.

The judgment of the trial court is reversed. Judgment is here rendered sustaining the defendant's plea of privilege and it is ordered that the case be transferred to a district court in Dallas County.