Dedrick B. **BAXTER**, Appellant,

v.

W. O. **WETZEL**, Appellee.

No. 6374.

Court of Civil Appeals of Texas,
El Paso.

April 10, 1974.

Garland Casebier, Warren D. Barton, Midland, for appellant.

Mike Beard, Waco, for appellee.

OPINION

PRESLAR, Chief Justice.

In this venue matter, the plaintiff-Appellant brought suit on two causes of action, the first being on a note and the second being for debt. The trial Court overruled the defendant's plea of privilege as to the cause of action based on the note, but sustained his plea as to the cause of action based on the debt. It is from the latter part of the judgment that the plaintiff appeals. We are of the opinion that the trial Court was in error in severing the cause of action and sustaining the plea of privilege as to the debt.

Venue in Midland County, the County of suit, was proper as to the note because it provided for payment in that County. Subdivision 5, Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann. We agree with plaintiff-Appellant that since venue of the cause of action on the note is properly laid in Midland County, venue of the cause of action on the debt should also be in Midland County, under the rule laid down in Middlebrook v. David Bradley Manuf'g Co., 86 Tex. 706, 26 S.W. 935 (1894). Under what has become known as the "Middlebrook Doctrine," a plaintiff suing upon a matured written obligation performable in the County of suit has been able to hold in such County against a plea of privilege a variety of properly joined claims having no independent venue ground applicable to such County. Although the doctrine has not been followed invariably, and has its exceptions, we are of the opinion that it is applicable in this instance and that it is the settled law in a fact situation such as is presented in this case. See McDonald, Texas Civil Practice, Vol. 1, Sec. 4.38 (1965 ed.). The Supreme Court has specifically reaffirmed the application of the doctrine in Stevens v. Willson, 120 Tex. 584, 39 S.W.2d 1088 (1931), and in Pecos Valley Southern Railway Company v. Parkhill Produce Company, 163 Tex. 88, 352 S.W.2d 723 (1961). The most recent case which our research has found is one not unlike the case before us, being Cranbrook Corporation v. Wright, 469 S.W.2d 324 (Tex.Civ.App.—Houston (14th Dist.) 1971, no writ). In that case, the plaintiff brought suit in Harris County on two separate causes of action, the first involved a promissory note, payable in Harris County, and the second involved a debt arising out of a joint venture of the plaintiff and defendant. The defendant filed a plea of privilege alleging that the entire suit, or alternatively the action on the debt, should be transferred to his residence, El Paso County. The trial Court transferred the entire suit to El Paso County and on appeal the Houston Court of Civil Appeals held that Harris County was proper venue under Subdivision 5 of Article 1995 for the action on the promissory note, and that the debt action could be properly joined under the Middlebrook Doctrine to avoid a multiplicity of suit. In the case before us, there is no contention but that venue is proper in Midland County as to the note, and it seems clear that the plaintiff's cause of action on the debt was joinable with his claim on the promissory note. Both claims were against the same defendant and both claims were in a similar amount and both arose out of the same transaction, the winding up of a partnership between the two parties. We are of the opinion that venue in Midland County was proper as to both causes of action.

The judgment of the trial Court is reversed and judgment here rendered that the defendant's plea of privilege is overruled.