C. Grady CATES et al., Appellants,

v.

Don WOODY et al., Appellees.

No. 12623.

Court of Civil Appeals of Texas,
Austin.

Nov. 2, 1977.

Rehearing Denied Nov. 30, 1977.

Steven G. Condos, Dallas, for appellants.

Phil Mockford, Austin, for appellees.

O'QUINN, Justice.

All parties in this action, as shareholders in Orleans Harbour, Inc., a Texas corporation, entered into written guaranty of the corporation's obligations to the Capital National Bank of Austin.

Two of the shareholders, who pursuant to the guaranty agreement paid the corporation's obligations, brought this suit in Travis County to collect from the remaining shareholders the proportionate sums thereby paid the bank in behalf of the defendant shareholders. The defendants, residents of Dallas County, filed their plea of privilege to be sued in the county of their residence.

The trial court overruled the plea of privilege, and defendants have appealed. We will affirm the judgment of the trial court.

Original shareholders in the corporation were Wroe Owens, Steve Harris, Ed Bridges, and H. J. "Doc" Blanchard, all residents of Austin, Don Woody, Alan W. Cates and C. Grady Cates, residents of Dallas. Harris subsequently sold his interest to Owens and Woody, and other adjustments of ownership not pertinent to issues in this appeal have taken place since the original arrangement of interests.

Orleans Harbour undertook development and sale of condominiums on the shores of Lake Austin, in the course of which the corporation borrowed approximately $430,-000 from the Capital National Bank in June of 1974. The note given the bank made Austin, in Travis County, the place of payment and provided that the bank take a deed of trust on improvements to be constructed as security. Prior to execution of the note, the seven shareholders in January of 1974 had executed and delivered to the bank written guaranty by which they undertook to guarantee all subsequent obligations owing by the corporation to the bank. Each shareholder assumed personal liability to the extent of proportional individual ownership in the corporation. The guaranty agreement, like the note, was made performable in Travis County.

The Corporation experienced financial difficulties, following which all funds derived from sale of the security held by the bank were applied to the unpaid balance on the note, but leaving a deficiency in excess of $50,000. The bank made demand for payment. Woody and Owens paid the entire obligation, after appellants, C. Grady Cates and Alan W. Cates, had refused to pay their proportionate parts.

Upon payment to the bank by Woody and Owens, the Capital National Bank transferred and assigned its interest in, and the rights under, the promissory note and accompanying guaranty agreement. Thereafter Woody and Owens in December of 1976 brought suit on the debt for the proportionate part appellants refused to pay.

In addition to seeking recovery of $25,-562.05 on the Capital National Bank obligation, Woody and Owens also sought from appellants reimbursement of $12,616.38, representing fifty percent of a similar obligation to the American National Bank of Austin which had become due and likewise had been paid by shareholders other than appellants in this appeal. The debt to the American National Bank appears not to have been covered by a written guaranty agreement, as in the transaction with the Capital National, but plaintiffs below claimed that the parties were agreed on the terms of a guaranty agreement.

Appellants bring two points of error. Under the second point appellants contend that as a matter of law this is a suit for contribution and not an action on a contract in writing under section 5 of Article 1995, V.A.C.S. (1964).

It is settled that when the surety pays the debt of the principal, he may thereafter elect to bring an action on assumpsit or on the obligation implied to be reimbursed by the principal, or may prosecute an action on the debt itself, and in either case the surety stands in the shoes of the original creditor as to any securities and rights of priority. *Highlands Cable Television, Inc. v. Wong*, 547 S.W.2d 324, 327 (Tex.Civ.App. Austin 1977, writ ref'd n.r.e.), following *Fox v. Kroeger*, 119 Tex. 511, 35 S.W.2d 679, 681 (1931). In this case appellees Woody and Owens brought their suit under the written guaranty agreement, a contract calling for performance in Travis County, and in this role appellees were in the same position as that occupied by the bank. Appellees properly brought this action in Travis County.

Under their first point, appellants contend that appellees had the burden to prove venue as to the claim of the American National Bank, which was not secured by a written guaranty agreement, in order to maintain venue in Travis County. This position by appellants is untenable and is contrary to the established rule that has become known as the "Middlebrook Doctrine."

The Supreme Court of 1894 held that in a suit brought on three notes, two payable in the county in which the action was brought and the third note providing no place of payment, it was proper "in order to avoid a multiplicity of suits," to embrace in the same action all three notes. *Middlebrook v. David Bradley Manufacturing Company*, 86 Tex. 706, 26 S.W. 935 (1894).

The "Middlebrook Doctrine" has been reaffirmed by the Supreme Court in *Stevens v. Willson*, 120 Tex. 584, 39 S.W.2d 1088

(1931) and in *Pecos Valley Southern Railway Company v. Parkhill Produce Company,* 163 Tex. 88, 352 S.W.2d 723 (1961). The doctrine finds application in numerous decisions, of particular note being *Cranbrook Corporation v. Wright,* 469 S.W.2d 324, 326 (Tex.Civ.App. Houston (14th) 1971, no writ); *Beach City v. State ex rel. City of Baytown,* 473 S.W.2d 656, 659 (Tex.Civ.App. Houston (14th) 1971, writ dism'd); *Baxter v. Wetzel,* 511 S.W.2d 540 (Tex.Civ.App. El Paso 1974, no writ).

Appellants' points of error are overruled. Judgment of the trial court overruling the plea of privilege is affirmed.