**GENERAL TELEPHONE CO. OF the SOUTHWEST, Appellant,**

v.

**Frank H. FENNEN, Appellee.**

No. 17090.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 25, 1978.

Fulbright & Jaworski, Daniel K. Hedges, Houston, for appellant.

Britt, Brown & Todd, Roy E. Brown, Alvin, for appellee.

EVANS, Justice.

This is a venue matter.

The plaintiff, Frank H. Fennen, brought this negligence action against the appellant, General Telephone Co. of the Southwest, and five other defendants, seeking a recovery of damages for personal injuries sustained in a crash of an airplane in Fort Bend County, Texas. A plea of privilege was filed by General Telephone Co. of the Southwest to be sued in Tom Green County, the place of its residence. The trial court overruled this plea of privilege and General Telephone Co. of the Southwest brings this appeal from that order.

The plaintiff's controverting plea alleges that venue is maintainable in Fort Bend County, Texas under the provisions of Subdivisions 9, 9a and 29a, Article 1995, Tex. Rev.Civ.Stat.Ann. However, the facts alleged and proved at the venue hearing do not show that venue is maintainable under Subdivisions 9 and 29a, and the plaintiff properly concedes that those subdivisions are inapplicable to the case at bar.

Under Subdivision 9a, the plaintiff was required to prove: (1) that an act or omission of negligence occurred in the county of suit; (2) that such was the act or omission of the defendant or its agent acting within the scope of his employment; and (3) that such negligence was the proximate cause of plaintiff's injuries. *Farmers Butane Gas Co. v. Walker*, 489 S.W.2d 949 (Tex.Civ.App.—Waco 1973, no writ).

It is the plaintiff's contention that the evidence offered at the venue hearing shows that the crash of his airplane and his resulting injuries were caused by the defendant's negligence in maintaining concealed telephone poles and high wires along

a dirt road at the south end of a cotton field which he was dusting with chemicals. The defendant, raising no evidence and great weight points, contends that the plaintiff failed to meet his burden of proving a cause of action for negligence under Subdivision 9a.

The plaintiff was the only witness who testified at the venue hearing. He is a commercial pilot and was crop-dusting for Farm & Ranch Aerial Services of Wharton, Texas, when the accident occurred. When the plaintiff first reached the cotton field, he circled the field for about 8 minutes, waiting for the flagman to arrive and inspecting the field for wires and any obstructions. He saw no obstructions in the field, and noticed only "a large high line on one side of the field and a small telephone line on the opposite side of the field." When the flagman arrived, he flew over the field in a north and south direction, and then he made a "dressing" pass in an east and west direction. He testified that as he made this dressing pass "there was one pole in the edge of the field which I pulled up, up over it and back down at a 180-degree turn to dress the south edge of the field and approximately a third of the way across the south edge of the field, I struck a telephone pole." Upon striking the telephone pole, the airplane became tangled with the telephone wires, causing it to roll in a vertical position. The wing of the airplane struck the ground, resulting in damage to the airplane and injury to the plaintiff. The plaintiff further testified that he saw no telephone poles in the trees at the south end of the field and that the telephone poles were hidden by the trees in that area.

The plaintiff further testified that he returned to the scene of the accident approximately five to six weeks later, and observed that the telephone lines had been removed and put under ground. Over objection by defendant's counsel, which the trial court apparently sustained, the plaintiff was permitted to testify that he observed a marker on the underground line "saying General Telephone."

The record before this court does not contain any evidence that the defendant or its agents were chargeable with an act or omission of negligence in the county of suit. The fact that an accident occurred is not evidence of negligence. *Hardy v. McMillar*, 492 S.W.2d 381 (Tex.Civ.App.—Waco 1973, no writ). The plaintiff contends that the concealed poles and lines created a dangerous condition and that the defendant was negligent in failing to warn of the existence of this condition. However there is no evidence in the record that the defendant owned or was responsible for the lines at the time of the accident, nor is there evidence that such condition had existed for any considerable length of time so as to charge the defendant with notice. *Texarkana Telephone Co. v. Burge*, 192 S.W. 807 (Tex.Civ.App.—Texarkana 1917, writ ref'd). Although the trial court might reasonably have inferred from the evidence that the telephone poles and lines were obscured from aerial view by trees along the south end of the field, there is no evidence showing how long the telephone poles and lines had been maintained on the land or when the land had first been used for cotton farming. Thus, there was no evidence from which the trial court could have inferred a duty on the part of the defendant to correct the alleged dangerous condition or to warn of its existence. The trial court's order cannot be sustained under the provisions of Subdivision 9a, Article 1995, Tex.Rev.Civ. Stat.Ann.

It is the plaintiff's further position that the trial court's order may be sustained under the so-called Middlebrook Doctrine which was enunciated in *Middlebrook v. David Bradley Manufacturing Co.*, 86 Tex. 706, 26 S.W. 935 (1894). Under the *Middlebrook* rule, a plaintiff asserting joinable claims against a defendant has ordinarily been permitted, under certain limitations, to maintain venue on all of the claims in the county where venue is proper as to one claim. The purpose of the rule is to avoid a multiplicity of actions. See *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797 (Tex.Civ.App.—Tyler 1976, writ dism'd); *Baxter v. Wetzel*, 511 S.W.2d 540

**410**

(Tex.Civ.App.—El Paso 1974, no writ); 1 McDonald, Texas Civil Practice, Vol. 1, § 4.38, pp. 558–564. In the case at bar, the plaintiff asserts only one claim against six named defendants, and the *Middlebrook* rule is not a proper basis upon which venue can be maintained in the county of suit.

Since the record contains no evidence that the defendant or its agents is chargeable with an act or omission of negligence in the county of suit, the trial court's order overruling the defendant's plea of privilege must be reversed. The record does not reflect that the interests of justice require that the defendant have further opportunity to develop the venue facts, and, on the contrary, the record requires that the trial court's judgment be reversed and rendered. *Stewart v. Vaughn,* 504 S.W.2d 600 (Tex. Civ.App.—Houston [14th Dist.] 1974, no writ).

The trial court's order overruling the plea of privilege of defendant, General Telephone Co. of the Southwest, is reversed and judgment is here rendered that such defendant's plea of privilege is sustained and the cause as to such defendant is ordered transferred to a District Court in Tom Green County, Texas, pursuant to the provisions of Rule 89, Texas Rules of Civil Procedure.