**RENGER MEMORIAL HOSPITAL, a nonprofit corporation, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12914.

Court of Civil Appeals of Texas, Austin.

July 25, 1979.

C. Dean Davis, David M. Davis; Davis, Davis & Sharp, Austin, for appellant.

John L. Hill, Atty. Gen., Douglas B. Owen, Asst. Atty. Gen., Austin, for State.

A. J. Saegert, James S. Frost, Threlkeld, Saegert, Saegert, Kirkendall & Frost, Seguin, for intervenor, Texas Lutheran College.

O'QUINN, Justice.

Renger Memorial Hospital, a nonprofit corporation, sued by the State of Texas to

cancel the hospital charter and to collect a promissory note and foreclose lien on land securing the note, appeals from order of district court in Travis County overruling the hospital's plea of privilege to be sued in Lavaca county, its residence and site of the land securing the note.

Renger Hospital brings seven points of error attacking the trial court's order overruling the plea of privilege. We will affirm action of the trial court denying change of venue.

The parties went to trial on the State's first amended original petition in which the State sought to cancel the hospital's corporate charter, alleging insolvency of the hospital and that the corporation "no longer actually operates a nonprofit hospital," and in addition sought judgment for the University of Texas and Texas Lutheran College for unpaid principal of a promissory note for $121,000.00, together with foreclosure of the lien on land pledged to secure the note. Texas Lutheran College timely filed its intervention.

Renger Hospital contended that its residence was in Lavaca County and that the land upon which the State sought to foreclose its lien was situated in Lavaca County, by reason of which facts venue, under Article 1995, subdivision 12, properly was in Lavaca County and not in Travis County where suit was filed. The State contended that the action for involuntary dissolution of the hospital charter was properly brought in Travis County under either subdivision 21 of Article 1995 or subdivision 30 of the statute, when invoked under Article 1396–7.03, and that under Rule 51(a), Rules of Civil Procedure, the second action on the promissory note was properly joined to the suit to cancel the charter.

The trial court filed findings of fact and conclusions of law. The court overruled the plea of privilege under its conclusion that venue was proper in Travis County "by virtue of . . . Article 1995(21) . . . [and] Article 1396–7.03 . . . ."

Under subdivision 21 of Article 1995 "Suits brought by the State for the purpose of forfeiting the charter of a private corpo-

ration . . . *may be brought in Travis County.*" Under terms of Article 1396–7.03 "Every action for the involuntary dissolution of a domestic corporation . . . shall be commenced by the Attorney General either in the district court of the county in which the registered office of the corporation in this State is situated, *or in any district court of Travis County.*" Under subdivision 30 of Article 1995 "Whenever in any law authorizing or regulating any particular character of action, the *venue is expressly prescribed,* the *suit shall be commenced in the county to which jurisdiction may be so expressly given.*" (All emphasis added).

The State in this action chose to bring suit in Travis County, as authorized by the statutes for suits to forfeit charters or effect involuntary dissolutions of corporations. The second cause of action, to collect the promissory note and foreclose the lien, is maintainable in Travis County under (1) the Middlebrook Doctrine and (2) Rule 51(a), Texas Rules of Civil Procedure.

■ Under the Middlebrook Doctrine, announced by the Supreme Court in 1894, a plaintiff may join with the action, which is clearly maintainable in the county of suit, additional actions against defendant in the same county, though independently such added actions may not be maintainable in the county of suit, ". . . in order to avoid multiplicity of suits." *Middlebrook v. Bradley Manufacturing Co.,* 86 Tex. 706, 26 S.W. 935 (1894). The Supreme Court reaffirmed the doctrine in *Stevens v. Willson,* 120 Tex. 584, 39 S.W.2d 1088 (1931) and in *Pecos Valley Southern Railway Company v. Parkhill Produce Company,* 163 Tex. 88, 352 S.W.2d 723 (1961). This Court in 1977 applied the doctrine to a cause in which venue was fixed by contract in Travis County, and it was held that an additional claim could be maintained without showing venue in Travis County. *Cates v. Woody,* 557 S.W.2d 857 (Tex.Civ.App. Austin 1977, writ dism'd).

■ Joinder of the State's two claims in this suit is proper under Rule 51(a), which provides that a plaintiff may join, either as

independent or as alternate claims, *as many claims,* either legal or equitable, or both, *as he may have against an opposing party.* On the basis that "The law requires that the parties settle all their controversies practicable in a single suit," Rule 51(a) was applied in *Parkhill Produce Company v. Pecos Valley Southern Railway Company,* 348 S.W.2d 208 (Tex.Civ.App. San Antonio 1961, writ ref'd n. r. e., 163 Tex. 88, 352 S.W.2d 723).

■ Renger Hospital offered evidence at the hearing on the plea of privilege that the hospital corporation was not, as alleged by the State, an insolvent entity, and the trial court later in findings of fact found that "As of June 13, 1978 the Renger Memorial Hospital was solvent." Renger Hospital on appeal contends that such finding renders moot the suit to forfeit appellant's charter. We do not regard that finding as controlling of venue.

The State's suit to dissolve the charter was broader than a mere claim of insolvency. The State sought injunctive relief to prevent the officers and directors from continuing any business, from dispensing assets or incurring additional liabilities, and from concealing assets or liabilities. In addition, the State sought to cancel the charter, and for costs, "including cost of receivership."

■ Moreover, under both Article 1396–7.03 and subdivision 21 of Article 1995, venue is determined by reference to the State's pleadings without resort to evidence on insolvency. The trial court, in reaching its conclusion of law and in the order overruling the plea of privilege, correctly disregarded the evidence of solvency. This Court on at least two occasions has considered and adhered to the rule that, where the Legislature has designated the county of venue, venue is determinable solely from allegations in plaintiff's petition. *Harrington v. State,* 363 S.W.2d 321 (Tex.Civ.App. Austin 1962, writ ref'd n. r. e.), cited and reviewed by the Supreme Court in *Gambill v. Town of Ponder,* 494 S.W.2d 808, 811 (Tex.Sup.1973); *Morrow v. State,* 509 S.W.2d 726, 728 (Tex.Civ.App. Austin 1974, no writ).

We have examined all points of error brought by appellant and carefully considered the arguments and contentions made under the points. All the points are overruled, either on the basis of the reasons already discussed, or as being without merit requiring further discussion.

The order of the trial court overruling appellant's plea of privilege is affirmed.

Affirmed.